IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00026-GPG

EVERETT MILES KLOMANN,

      Plaintiff,

v.

(AMY WREN) PARK COUNTY D.A., and
PARK COUNTY JAIL, SHERIFFS DEPARTMENT,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Everett Miles Klomann, is a pretrial detainee at the Park County Jail in Fairplay, Colorado.   Plaintiff has submitted a Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 5).

The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, Plaintiff is directed to file an Amended Prisoner Complaint.

### I.    Prisoner Complaint

The claims in the Prisoner Complaint arise from Plaintiff's arrest on July 8, 2017 in connection with felony case 2017CR62 and his subsequent detention at the Park County Jail.   (*See* ECF No. 1).   Plaintiff lists 24 numbered paragraphs which appear to

1

potentially be separate claims concerning the state criminal proceedings against him and

his detainment at the Park County Jail, with a majority of the claim paragraphs being

narratives of events and providing no indication of what specific right the Plaintiff may be

asserting has been violated by the event.   (ECF No. 1 at 5-10).   Plaintiff requests that

his felony case be dismissed, reprimand of Park County District Attorney Amy Wren, a

written formal apology from the Park County Sheriff's Department, and monetary

damages.   (*Id.* at 15).

## II.      Rule 8 of the Federal Rules of Civil Procedure

The Prisoner Complaint does not comply with the requirements of Rule 8 of the

Federal Rules of Civil Procedure.   Rule 8(a) provides that a complaint "must contain (1) a

short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which

provides that "[e]ach allegation must be simple, concise, and direct."   Prolix, vague, or

unintelligible pleadings violate Rule 8.

Conclusory allegations also do not entitle a *pro se* pleader to a day in court

regardless of how liberally the court construes such pleadings.   *See Ketchum v. Cruz*,

775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd,* 961 F.2d 916 (10th Cir. 1992).   Thus, "in

analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

plaintiff's well pleaded factual contentions, not his conclusory allegations."   *Hall*, 935

F.2d at 1110.

The Prisoner Complaint fails to provide a short and plain statement of Plaintiff's

claims showing he is entitled to relief.   For each claim Plaintiff asserts, he must explain,

2

simply and concisely, "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

It is Plaintiff's responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.   The Court is not required to sift through the Prisoner Complaint to determine the heart of each claim.   "The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Again, in order to meet Rule 8's pleading standard, in the Amended Prisoner Complaint Plaintiff is being directed to file, he must allege in a clear and organized manner directly in the Amended Prisoner Complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."   *Nasious*, 492 F.3d at 1163.

### III.    Prosecutor

Plaintiff has named Park County District Attorney, Amy Wren, as a Defendant in this case.   Plaintiff is advised that District Attorneys are entitled to absolute immunity in 42 U.S.C. § 1983 suits for activities within the scope of their prosecutorial duties.   *See Ambler v. Pachtman*, 424 U.S. 409, 420-24 (1976).   Conclusory allegations that a district attorney was acting outside the scope of prosecutorial duties is not enough to defeat

3

immunity.

### IV.   Municipal Defendant

Defendant Park County Jail, Sheriff's Department is not an entity separate from its respective municipality and, therefore, is not a person subject to suit under § 1983.   *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   Moreover, local government entities like the Park County Jail, Sheriff's Department are not liable under 42 U.S.C. § 1983 solely because their employees might inflict injury on a plaintiff.   *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).   Plaintiff must allege facts to show that an unconstitutional municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).   Plaintiff cannot state a claim for relief against a municipality under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

### V.   State Court Proceedings

Finally, the majority of Plaintiff's allegations concern criminal proceedings against him in felony case 2017CR62.   In his Amended Prisoner Complaint, Plaintiff must clarify the current status of those criminal proceedings.

To the extent Plaintiff's claims pertain to a pending criminal proceeding, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings.   *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).   Abstention is appropriate under

*Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges."   *Phelps*, 122 F.3d at 889.   The abstention principles of *Younger* are jurisdictional and apply whether the plaintiff seeks equitable or monetary relief.   *See D.L. v. Unified School Distr. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004); *Parkhurst v. Wyoming*, 641 F.2d 775, 777 (10th Cir. 1981).

The first condition is met if Plaintiff's charges remain pending against him in a state court criminal case.   The second condition also is satisfied because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."   *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45).   The state criminal proceeding is an adequate forum to hear any of Plaintiff's constitutional claims.   Accordingly, the state court proceeding offers Plaintiff a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state courts ability to decide the same issues.   *See Younger*, 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that *Younger* abstention offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests ) (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979)).

To establish extraordinary or special circumstances to overcome abstention under *Younger*, Plaintiff must demonstrate an irreparable injury that is both great and

immediate.   *See Younger*, 401 U.S. at 46.   The exceptions to *Younger* provide only for a

very narrow gate for federal intervention.   *Phelps*, 59 F.3d at 1064 (internal quotation

marks omitted).   Plaintiff, however, may overcome the presumption of abstention in

cases of proven harassment or prosecutions undertaken by state officials in bad faith

without hope of obtaining a valid conviction and perhaps in other extraordinary

circumstances where irreparable injury can be shown.   *Phelps*, 122 F.3d at 889 (quoting

*Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).   Courts have considered three factors in

determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no
> reasonably objective hope of success; (2) whether it was
> motivated by the defendant's suspect class or in retaliation
> for the defendant's exercise of constitutional rights; and
> (3) whether it was conducted in such a way as to constitute
> harassment and an abuse of prosecutorial discretion,
> typically through the unjustified and oppressive use of
> multiple prosecutions.

*Id.*   It is Plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting

forth more than mere allegations of bad faith or harassment.   *Id.* at 890.

In his amended prisoner complaint, Plaintiff must demonstrate that claims he

raises are not barred by *Younger* abstention.

**VI.    Conclusion**

For these reasons Plaintiff will be ordered to file an Amended Prisoner Complaint

that complies with the pleading requirements of Rule 8 to clarify the claims he is asserting

and to address the bar of *Younger* abstention in connection with the criminal proceedings

against him.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States

District Court for the District of Colorado – Civil, "[i]f not filed electronically, an

unrepresented prisoner or party shall use the procedures, forms, and instructions posted

on the court's website."   Therefore, Plaintiff will be directed to file his Amended Prisoner

Complaint on the court-approved Prisoner Complaint form.   Plaintiff may not rely on

documents attached to the pleading or include by reference allegations contained in other

documents to explain the basis for his claims.   Instead, he must include the relevant

factual allegations in the body of his Amended Prisoner Complaint.   Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order,** an

Amended Complaint on a Court-approved Prisoner Complaint form that complies with the

directives in this Order.   It is

FURTHER ORDERED that **the Clerk's Office is directed to mail** to Plaintiff the

current court-approved form for filing a Prisoner Complaint, along with the applicable

instructions.   Plaintiff may also locate the form and instructoins (with the assistance of his

case manager or the facility's legal assistant) at www.cod.uscourts.gov.   Plaintiff is

required to utilize the current court-approved form in filing the Amended Prisoner

Complaint directed by this Order. It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Prisoner Complaint

on a Court-approved Prisoner Complaint form within the time allowed the Court will

dismiss this action without further notice for the reasons discussed above.

DATED January 11, 2018, at Denver, Colorado.

BY THE COURT:



_____
Gordon P. Gallagher

7

United States Magistrate Judge