IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00026-GPG

EVERETT MILES KLOMANN,

    Plaintiff,

v.

DAN MULDOON, Jail Administrator,
Captain at Park County Jail Facility,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Everett Miles Klomann, is a pretrial detainee at the Park County Jail in Fairplay, Colorado. Plaintiff is proceeding in this matter *pro se* and he has been granted leave to proceed *in forma pauperis.* (ECF No. 5).

On January 4, 2018, Plaintiff submitted a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against Amy Wren, Park County D.A., and "Park County Jail, Sheriffs Department" as named defendants. (ECF No. 1). Overall, the Prisoner Complaint challenged Plaintiff's arrest and imprisonment pursuant to felony criminal proceedings in Park County District Court Case No. 2017CR3340. Plaintiff listed 24 numbered paragraphs which appeared to potentially be separate claims concerning the state criminal proceedings against him and his detainment at the Park County Jail, with a majority of the claim paragraphs being narratives of events and providing no indication of what specific right the Plaintiff may have been asserting had been violated by the event. (*Id.* at 5-10). Plaintiff requested

1

that the criminal case be dismissed, reprimand of Park County District Attorney Amy Wren, a written formal apology from the Park County Sheriff's Department, and monetary damages.   (*Id.* at 15).

Following review as required pursuant to D.C.COLO.LCivR 8.1(b), Magistrate Judge Gordon P. Gallagher determined the Prisoner Complaint failed to meet the pleading requirements of Fed. R. Civ. P. 8 and ordered Plaintiff to file an Amended Prisoner Complaint.   (ECF No. 6).   In the Order directing Plaintiff to amend his pleading, Magistrate Judge Gallagher also highlighted that, to the extent criminal charges remain pending against Plaintiff, the Court may be prohibited from interfering with ongoing state criminal proceedings under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971) .   (*Id.* at 4-6).   The Order required Plaintiff to file an Amended Prisoner Complaint which complied with the pleading requirements of Rule 8 and which also clarified the status of the criminal proceedings against the Plaintiff.   (*Id.* at 6).

As directed, Plaintiff has submitted an Amended Prisoner Complaint.   (ECF No. 7).   The Court must construe the Amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

In his amended pleading, Plaintiff confirms he is a pretrial detainee facing criminal charges.   (ECF No. 7 at 2).   Plaintiff identifies two claims against Defendant Muldoon in his official capacity as Captain and Jail Administrator at the Park County Jail.   (*Id.* at 4-5). In Claim One, Plaintiff argues that his due process rights have been violated through illegal incarceration in Park County District Court Case No. 2017CR62 based in a delay

2

past 72 hours in the filing of charges against him and in Claim Two, he asserts an abuse of prosecutorial discretion in the same criminal matter on the same factual basis. (*Id*.). Plaintiff seeks dismissal of the felony criminal charges against him in Case No. 2017CR62, release from custody, and monetary relief. (*Id.* at 7).

Plaintiff sues Defendant Muldoon in his official capacity. (ECF No. 7 at 2). As the Plaintiff was advised in Magistrate Judge Gallagher's Order Directing Plaintiff to File an Amended Complaint (ECF No. 6), the Park County Jail or Sheriff's Department are not an entity separate from its respective municipality and, therefore, is not a person subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Moreover, local government entities like the Park County Jail or Sheriff's Department are not liable under 42 U.S.C. § 1983 solely because their employees might inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff must allege facts to show that an unconstitutional municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Plaintiff cannot state a claim for relief against a municipality under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff fails to allege specific facts that demonstrate he suffered an injury caused by a municipal policy or custom of Park County, Colorado. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th

Cir. 2010). In attempting to attach municipal liability to his claims concerning the criminal charges pending against him in Case No. 2017CR62, but not asserted as a separate claim, Plaintiff contends Park County has a municipal policy or custom governing inmate use of the law library that has hindered his ability "to study case law, civil procedure and file a lawsuit against wrongdoing here in the Park County Jail." (ECF No. 7 at 4). However, Plaintiff fails to allege specific facts that demonstrate an actual injury in his ability to pursue a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Furthermore, the underlying cause of action that allegedly was lost is an element of an arguable access to the courts claim that must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 415-16 (2002). Plaintiff fails to identify any arguable legal claim that he has been unable to pursue. See Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010) (prisoner's allegations that he was unable to research and prepare initial pleadings were too conclusory to present a plausible claim for denial of access to the courts).

The Court must dismiss claims or allegations in the Amended Prisoner Complaint that are frivolous or seek damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i) & (iii). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). For these reasons, Plaintiff's allegations concerning inmate use of the law library raised in connection with demonstrating a municipal policy or custom in order to impute

liability upon Park County, Colorado will be dismissed pursuant to § 1915(e)(2)(b)(i) and (iii).

With regard to Plaintiff's claims that his due process rights have been violated through illegal incarceration in Park County District Court Case No. 2017CR62 and an abuse of prosecutorial discretion in the same matter, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention under *Younger* is jurisdictional in nature, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), and is appropriate when three conditions are met: (1) there must be ongoing state criminal, civil, or administrative proceedings; (2) the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit; and (3) the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies, *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). If the three requirements are met, and no exceptions to *Younger* apply, a federal court must abstain from hearing the case. *See Weitzel v. Div. of Occupational & Prof. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

The first condition is met if Plaintiff's charges remain pending against him in a state court criminal case, which appears to be the situation in this action.

As for the second condition, the state court proceeding offers Plaintiff a forum to raise his constitutional challenges and the adjudication of this federal lawsuit would unavoidably invade the state courts ability to decide the same issues. *See Younger*, 401 U.S. at 43-44; *see also Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-12 (1987) (noting that

5

*Younger* abstention offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests ) (quoting *Moore v. Sims*, 442 U.S. 415, 429-30 (1979))). Plaintiff also fails to assert that the state criminal proceeding is not an adequate forum to hear any claim that may be subject to a pending criminal proceeding.

The third condition is met because the Supreme Court has recognized that the State's interest in administering its criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). The State has an important interest in the administration of its Criminal Code. *See Penzoil*, 481 U.S. at 12-13.

To establish extraordinary or special circumstances, Plaintiff must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a very narrow gate for federal intervention. *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995) (internal quotation marks omitted). Plaintiff, however, may overcome the presumption of abstention in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown. *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendants suspect class or in retaliation for the defendants exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment

6

>and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* It is Plaintiff's heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment. *Id.* at 890.

In his amended pleading, Plaintiff broadly contends that he has suffered proven harassment and that his prosecution was undertaken by state officials in bad faith. (ECF No. 7 at 5). To demonstrate the harassment, Plaintiff alleges he has been illegally held and prosecuted from the very beginning of his case. (*Id.*). Plaintiff's allegations, however, fail to satisfy his heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment. Plaintiff fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. Aside from conclusory allegations, he fails to demonstrate any plausible facts reflecting an improper motivation for the charges. Further, despite Plaintiff's allegations, there is no indication that the criminal case against him has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. And, finally, Plaintiff has not shown an irreparable injury stemming from the state court criminal prosecution. The fact that he will be forced to stand trial on the criminal charge does not establish great and immediate irreparable injury. *See Phelps*, 122 F.3d at 889 (The "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'") (quoting *Younger,* 401 U.S. at 46). Therefore, the Court finds that *Younger* abstention is appropriate in this action.

If since filing this action Plaintiff has been convicted in any of the charges filed against him, Plaintiff's claims for damages regarding his conviction and sentences are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a

7

judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.   *See Heck*, 512 U.S. at 486-87.   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Plaintiff has not invalidated either a sentence or conviction and that a judgment in this action would necessarily imply the invalidity of Plaintiff's criminal conviction or sentence.   The Court, therefore, finds that Plaintiff's claim for damages challenging any of his convictions and sentences would be barred by the rule in *Heck.*

For the above-stated reasons, the Prisoner Complaint must be dismissed.   The Court will dismiss the action for lack of jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), or as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 7), and the action are dismissed without prejudice either for lack of jurisdiction pursuant to *Younger v. Harris*,

8

401 U.S. 37 (1971), or as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  1st  day of    May   , 2018.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court